# U.S. District Court
## U.S. District Court for the Northern District of Oklahoma (Tulsa)
### CRIMINAL DOCKET FOR CASE #: <u>4:21−mj−00593−JFJ−1</u>

---

Case title: USA v. Burlew  Date Filed: 08/19/2021

---

Assigned to: Magistrate Judge
Jodi F Jayne

**Defendant (1)**

| | | |
|---|---|---|
| **Benjamen Scott Burlew** | represented by | **Ryan A. Ray** <br> Norman Wohlgemuth, LLP <br> 401 S. Boston Ave. <br> Suite 3200 <br> Tulsa, OK 74103 <br> 918−583−7571 <br> Email: RRay@NWLawOK.com <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18 U.S.C. 113 (a)(4) Assault with Special Maritime and Territorial Jurisdiction; 40 U.S.C. 5104 (e)(2)(F) Act of Physical Violence on Grounds | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Joel–lyn Alicia McCormick**<br>United States Attorney's Office (Tulsa)<br>110 W 7TH ST STE 300<br>TULSA, OK 74119–1013<br>918–382–2700<br>Fax: 918–560–7954<br>Email: joel–lyn.a.mccormick@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Government Attorney (local,state,federal)* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/19/2021 | | | ARREST on Charges Pending in Another District(Rule 5) as to Benjamen Scott Burlew (sdc, Dpty Clk) (Entered: 08/19/2021) |
| 08/19/2021 | 1 | | MOTION for Detention by USA as to Benjamen Scott Burlew [Note: Attorney Joel–lyn Alicia McCormick added to party USA(pty:pla).] (McCormick, Joel–lyn) (Entered: 08/19/2021) |
| 08/19/2021 | 2 | | MOTION for Hearing (Re: 1 MOTION for Detention ) by USA as to Benjamen Scott Burlew (McCormick, Joel–lyn) (Entered: 08/19/2021) |
| 08/20/2021 | 3 | | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Initial Appearance in Rule 5 Proceedings held on 8/20/2021 , ruling on motion(s)/document(s): #2 granted, adding attorney Ryan A. Ray for Benjamen Scott Burlew as to Benjamen Scott Burlew (Re: 2 MOTION for Hearing ) (Court Reporter: C1) (sdc, Dpty Clk) (Entered: 08/20/2021) |
| 08/20/2021 | 4 | | WAIVER of Rule 5 Hearing by Benjamen Scott Burlew (sdc, Dpty Clk) (Entered: 08/20/2021) |
| 08/20/2021 | 5 | | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Detention Hearing held on 8/20/2021 , ruling on motion(s)/document(s): #1 denied, setting/resetting bond, defendant remain/released on conditions as to Benjamen Scott Burlew (Re: 1 MOTION for Detention ) (Court Reporter: C1) (sdc, Dpty Clk) (Entered: 08/20/2021) |
| 08/20/2021 | 6 | | ORDER by Magistrate Judge Jodi F Jayne , setting conditions of release as to Benjamen Scott Burlew (sdc, Dpty Clk) (Entered: 08/20/2021) |
| 08/20/2021 | 7 | | BOND approved by Magistrate Judge Jodi F Jayne as to Benjamen Scott Burlew (sdc, Dpty Clk) (Entered: 08/20/2021) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMEN SCOTT BURLEW,<br><br>Defendant. | Case No. 21-MJ-593-JFJ |

## Motion for Detention

The United States moves for pretrial detention of Defendant, pursuant to 18 U.S.C. § 3142(e) and (f).

**1. Eligibility of Case.** This case is eligible for a detention order because this case involves a (check all that apply):

☐ Crime of violence (18 U.S.C. § 3156).

☐ Crime of Terrorism (18 U.S.C. § 2332b (g)(5)(B)) with a maximum sentence of ten years or more.

☐ Crime with a maximum sentence of life imprisonment or death.

☐ Drug offense with a maximum sentence of ten years or more.

☐ Felony offense and Defendant has two prior convictions in the four categories listed above, or two State convictions that would otherwise fall within those four categories if federal jurisdiction had existed.

☐ Felony offense involving a minor victim other than a crime of violence.

☐ Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon.

☐ Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. § 2250).

☒ Serious risk Defendant will flee.

☐ Serious risk of obstruction of justice, including intimidation of a prospective witness or juror.

2. **Reason for Detention.** The Court should detain Defendant because there are no conditions of release which will reasonably assure (check one or both):

☒ Defendant's appearance as required.

☒ Safety of any other person and the community.

3. **Rebuttable Presumption.** The United States will invoke the rebuttable presumption against Defendant under § 3142(e). The presumption applies because there is (check all that apply):

☐ Probable cause to believe defendant committed offense within five years of release following conviction for a qualifying offense committed while on pretrial release.

☐ Probable cause to believe Defendant committed drug offense with a maximum sentence of ten years or more.

☐ Probable cause to believe Defendant committed a violation of one of the following offenses: 18 U.S.C. §§ 924(c), 956 (conspiracy to murder or kidnap), 2332b (act of terrorism), or 2332b(g)(5)(B) (crime of terrorism).

☐ Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. §§ 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1) through 2252(a)(3), 2252A(a)(1) through 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

Dated this 19th day of August, 2021.

                Respectfully submitted,

                CLINTON J. JOHNSON
                ACTING UNITED STATES ATTORNEY

                */s/ Joel-lyn A. McCormick*
                Joel-lyn A. McCormick, OBA No. 18240
                Assistant United States Attorney
                110 West Seventh Street, Suite 300
                Tulsa, Oklahoma 74119
                (918) 382-2700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-MJ-593-JFJ |
| BENJAMEN SCOTT BURLEW, | |
| Defendant. | |

**Motion for Detention Hearing**

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3142(e) and (f), and hereby requests that the Court hold a hearing pending trial to determine whether any condition, or combination of conditions, as set forth in 18 U.S.C. § 3142(c), will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

Dated this 19th day of August, 2021.

Respectfully submitted,

CLINTON J. JOHNSON
ACTING UNITED STATES ATTORNEY

*/s/ Joel-lyn A. McCormick*
Joel-lyn A. McCormick, OBA No. 18240
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

United States of America

    Plaintiff(s),

vs.

Benjamen Scott Burlew

    Defendant(s).

Case No.: 21-MJ-593-JFJ

Criminal Information Sheet

Date: _____8/19/21_____   Interpreter: Yes ☐   No ☒

Magistrate Judge Jayne   Deputy Stephanie Cope   USPO G. Thomas
Date of Arrest: ___8/19/21___   Arrested By: __USMS__   ☒ Detention Requested by AUSA
Bail Recommendation: Choose an item.   ☐ Unsecured

**Additional Conditions of Release:**

☐ a. ☐ b. _____   ☐ l ☐ m ☐ n ☐ o ☐ p ☐ q ☐ r ☐ s
☐ c. ☐ d..   ☐ t (☐ 1, ☐ 2, ☐ 3, ☐ 4, ☐ 5, ☐ 6, ☐ 7)
☐ e. _____   ☐ u (☐ 1, ☐ 2, ☐ 3, ☐ 4, ☐ 5, ☐ 6, ☐ 7)
☐ f. ☐ g. ☐ h. ☐ i. ☐ j.   ☐ v (☐ 1, ☐ 2, ☐ 3, ☐ 4, ☐ 5, ☐ 6, ☐ 7, ☐ 8, ☐ 9, ☐ 10)
☐ k. (☐ i, ☐ ii, ☐ iii)   ☐ w (☐ 1, ☐ 2)   ☐ x. (other) _____

Defendant Requests Federal Public Defender/Ct. Appt. Counsel:   Yes   X   No
Defendant's Attorney: _Ryan Ray_   ☐ FPD;   ☐ Ct. Appt;   ☑ Ret Counsel
AUSA:   Joel-lyn McCormick

**MINUTES:**

Interpreter: _____ ; ☐ Sworn

☑ Defendant appears ~~in person~~ for IA on: ☐ Indictment; ☐ Information; ☐ Complaint; ☐ Petition; ☑ Rule 5
_by video_ with: ☑ Ret Counsel; ☐ FPD; ☐ Ct. Appt; ☐ w/o Counsel

☐ Financial Affidavit received and FPD/CJA appointed; ☐ Present ☐ Not Present
Defendant's name **as reflected in the indictment/information/complaint/petition/Rule 5** is the true and correct legal name:
    ☐ Verified in open court
    ☐ Corrected by interlineation to _____
    to reflect Defendant's true and correct name and all previous filings are amended by interlineation to reflect same.
    ☐ Unable to verify in open court: ☐ U.S. Atty. to verify & advise court; ☐ Defendant's Attorney to verify & advise court;

Waivers executed and filed:   ☐ of Indictment; ☐ of Preliminary Exam; ☐ of Detention Hearing; ☑ of Rule 5 Hearings
☐ Bond set for _____ ; Bond and conditions of release executed
☐ Government's Motion for Detention and Detention Hearing filed in open court
☐ Arraignment held and Defendant pleads Not Guilty; Court accepts plea; ☐ Scheduling dates to be mailed to counsel
☐ Initial Appearance continued to: _____ at _____ a.m./p.m.
☐ Arraignment scheduled: _____ at _____ a.m./p.m.
☐ Detention Hearing scheduled: _____ at _____ a.m./p.m.
☐ Preliminary Exam scheduled: _____ at _____ a.m./p.m.
☐ Defendant remanded to custody of U.S. Marshal:   ☐ Pending further proceeding;   ☐ Pending release on bond for treatment
Mot. for Detention # _1_: ☐ Granted; ☐ Denied; ☐ Moot   Mot. for Hearing # _2_: ☑ Granted; ☐ Denied; ☐ Moot

**Additional Minutes:** _Detention Hearing held._

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

United States of America,

Plaintiff,

vs.

Benjamen Scott Burlew,

Defendant(s).

Case No.: 21-mj-00593-JFJ

Charging District's
Case No.: 1:21-mj-501

**WAIVER OF RULE 5 & 5.1 HEARINGS
(COMPLAINT OR INDICTMENT)**

I understand that I have been charged in another district, the *(name of other court)* USDC District of Columbia.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.
☐ a preliminary hearing.
☐ a detention hearing.
☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☑ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 8/20/2021

_Oral Consent_
Defendant's signature

_Oral Consent_
Attorney for Defendant

Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)          (AO-466A Modified 6/2020)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br>vs.<br><br>Benjamen Scott Burlew,<br><br>Defendant(s). | Case No.: 21-mj-00593-JFJ<br>Date: 8/20/2021<br>Court Time: 3:00 p.m. – 3:54<br>4:43 p.m. - 4:59 p.m.<br><br>**MINUTE SHEET – DETENTION AND/OR PRELIMINARY HEARING** |

Jodi F. Jayne, U.S. Magistrate Judge    S. Cope, Deputy Clerk    Magistrate Courtroom 1

Interpreter: ☐ Sworn
Counsel for Plaintiff: Joel-lyn Alicia McCormick
Counsel for Defendant: Ryan Ray    Ret.
Case called for:    ☒ Detention Hearing,    ☐ Preliminary Hearing;
☒ Defendant appears in custody with counsel; by video
Defendant waives:    ☐ Preliminary Hearing    ☐ Detention Hearing, waiver(s) executed;
☐ Government withdraws their Motion for Detention # _____ ;
☐ Defense counsel stipulates there is probable cause;
☒ Proffer(s) made;
☒ Witness(es) sworn and testimony given;
☒ Arguments heard;
☐ Court Finds Probable Cause;
Motion for Detention (Dkt # 1    ):    ☐ granted,    ☒ denied,    ☐ moot;
☒ Court finds there are conditions which defendant can be released; Defendant ordered released;
☒ Bond set at $5,000.00    Bond and Conditions of Release executed;
☐ Defendant detained and remanded to custody of U.S. Marshal,    ☐ Detention Order to be entered;
☐ Exhibit(s) returned to counsel.
Additional Minutes:

Government's Witnesses:

Defendant's Witnesses:
  Brandy Bowen 3:10 p.m. – 3:35p.m.

Government's Exhibits:

Defendant's Exhibits:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

United States of America,

                  Plaintiff,

vs.

Benjamen Scott Burlew,

                  Defendant(s).

Case No.: 21-mj-00593-JFJ

**ORDER SETTING CONDITIONS OF RELEASE**

    **IT IS ORDERED** that Defendant's release is subject to the following conditions:

(1) Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) Defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) Defendant shall appear at all proceedings as required and shall surrender as directed for service of any sentence imposed. Defendant shall next appear at (if blank, you will be notified):

    Place: United States District Court for the District of Columbia

    On: August 26, 2021      at TBD and told to D.

    Before: G. Michael Harvey

(4) The Defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

### RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

    **IT IS FURTHER ORDERED** that the Defendant be released provided that:

(X) (5) Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(X) (6) Defendant executes a Unsecured bond binding Defendant to pay the United States the sum of Five Thousand Dollars and No cents ($5,000.00) in the event of a failure to appear as required, or to surrender as directed for service of any sentence imposed.

### ADDITIONAL CONDITIONS OF RELEASE

    Upon finding that release by one of the above methods will not by itself reasonably assure Defendant's appearance and the safety of other persons in the community, it is **FURTHER ORDERED** that Defendant's release is subject to the conditions marked below:

| | | |
|---|---|---|
| (X) | (7) | **DEFENDANT SHALL:** |
| (X) | (a) | report to United States Probation Office as directed and advise them immediately of any contact with law enforcement, including but not limited to, any arrest, questioning or traffic stop. 18 U.S.C. § 3142(c)(l)(B)(vi). |
| (X) | (b) | abide by the following travel restrictions: Travel is restricted to the Northern District of Oklahoma unless permission to travel outside that district is granted in advance from the U.S. Probation Office. 18 U.S.C. § 3142(c)(l)(B)(iv), to include the District of Columbia. |
| ( ) | (c) | maintain current residence or a residence approved by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| ( ) | (d) | allow the U.S. Probation Officer to visit the home, place of work, or any place deemed necessary to ensure the conditions of release are not violated. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| ( ) | (e) | successfully participate in a program of testing and treatment (to include inpatient if necessary) for drug and alcohol abuse, as directed by the U.S. Probation Office. Testing may be used with random frequency, not to exceed eight times per month, and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any other form of substance abuse testing and/or screening. The defendant must not obstruct, or tamper with the efficiency and accuracy of substance abuse testing and/or screening. 18 U.S.C. § 3142(c)(l)(B)(x). |
| ( ) | (f) | abstain from the use of alcohol or any intoxicating substance. 18 U.S.C. § 3142(c)(l)(B)(ix). |
| (X) | (g) | not use or unlawfully possess a narcotic drug and other controlled substances unless prescribed by a licensed medical practitioner. 18 U.S.C. § 3142(c)(l)(B)(ix). |
| (X) | (h) | successfully participate in a program of medical and/or mental health treatment (to include inpatient if necessary), as directed by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(x). |
| ( ) | (i) | surrender any passport within (3) three working days to the United States Probation Office. Do not apply for or obtain a new passport or any other international travel documents. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| (X) | (j) | not possess a firearm, destructive device, or other dangerous weapon. All firearms in any place in which the defendant resides shall be removed and verification provided to the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(viii). |
| ( ) | (k) | successfully participate in one of the following location monitoring programs and comply with its requirements as directed: |
| ( ) | | (i) Curfew. The defendant is restricted to the defendant's residence everyday on a schedule as directed by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(vii). |
| ( ) | | (ii) Home Detention. The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical appointments or emergencies; substance abuse testing or treatment; mental health treatment, attorney consultation; court appearances; court-ordered obligations; or other activities approved in advance by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(xiii). |
| ( ) | | (iii) Home Incarceration. The defendant is restricted to the defendant's residence at all times with the exception of medical appointments or emergencies; court appearances; or other activities approved in advance by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(xiii). |

The location monitoring programs may or may not include electronic monitoring or other location verification systems.

| | | |
|---|---|---|
| ( ) | (l) | avoid all contact, directly or indirectly, with the following person(s): _____. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| ( ) | (m) | avoid all contact, directly or indirectly, with any persons who are or may become a victim or potential witness in the subject investigation or prosecution, including but not limited to the following named person(s): _____. 18 U.S.C. § 3142(c)(l)(B)(v). |
| ( ) | (n) | avoid all contact, directly or indirectly with codefendant(s) and defendant(s) in related cases unless approved by the United States Probation Office. 18 U.S.C. § 3142(c)(l)(B)(iv). |
| ( ) | (o) | maintain or actively seek employment. 18 U.S.C. § 3142(c)(l)(B)(ii). |
| ( ) | (p) | maintain or commence an educational program. 18 U.S.C. § 3142(c)(l)(B)(iii). |
| ( ) | (q) | advice any possible third parties who may be at risk because of your past criminal conviction(s) and/or the charged offense(s). 18 U.S.C. § 3142(c)(l)(B)(xiv). |
| ( ) | (r) | abide by the current conditions of supervision. 18 U.S.C. § 3142(c)(l)(B)(xiv). |
| ( ) | (s) | THIRD PARTY CUSTODIAN The defendant is placed in the custody of: _____, who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and notify the Court immediately if the defendant violates a condition of release or is no longer in the custodian's custody. 18 U.S.C. § 3142(c)(l)(B)(i). |

The following other conditions are placed in categories for organizational purposes only and do not have to be imposed in blocks or groups. The conditions are intended to provide a reference for Judicial Officers when structuring alternatives to detention and conditions of release sufficient to mitigate the more serious risks posed by defendants based on their individual risk factors and characteristics. 18 U.S.C. § 3142(c)(l)(B)(xiv).

**DEFENDANT SHALL:**

| | | |
|---|---|---|
| ( ) | (t) | **FINANCIAL** |
| ( ) | (1) | contribute to the costs of the testing and treatment services rendered in an amount to be determined by the United States Probation Office based on the defendant's ability to pay or availability of third party payments. |
| ( ) | (2) | pay all or part of the cost of monitoring services as determined by the United States Probation Office based upon the defendant's ability to pay. |
| ( ) | (3) | disclose any and all personal financial information and business records, to include execution of a Release of Financial Information form, as requested by the United States Probation Office |
| ( ) | (4) | shall not engage in any telemarketing activities, to include any telephone sales or a solicitation related business, campaign, venture, or transaction. |
| ( ) | (5) | not make any loan or enter into any new credit arrangement, without first consulting with the United States Probation Office. |
| ( ) | (6) | not transfer, sell, give away, or otherwise convey any asset, without first consulting with the United States Probation Office. |
| ( ) | (7) | not engage in any form of employment which would allow access to financial information, to include the following; personal identifiers, credit accounts, bank accounts of any individual, business, or other entity. |
| ( ) | (u) | **SEX OFFENDER** |
| ( ) | (1) | register as a sex offender in accordance with state law in the county of residence and provide verification to the United States Probation Office. |
| ( ) | (2) | participate in sex offender and/or mental health treatment as directed by the United States Probation Office, including submission to risk assessment and psychological testing. Assessment and treatment are to be conducted by a therapist approved in advance by the United States Probation Office. |

| | | |
|---|---|---|
| ( ) | (3) | contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the United States Probation Office based on the defendant's ability to pay and the availability of third party payments. |
| ( ) | (4) | have no contact with children under the age of eighteen (18) without prior written permission of the United States Probation Office. Any unauthorized contact will be reported to the United States Probation office immediately. |
| ( ) | (5) | not loiter within one-hundred (100) feet of schools, parks, playgrounds, arcades, zoos, or other places providing activities frequented by children under the age of eighteen (18). |
| ( ) | (6) | not engage in any occupation, business, or profession where the defendant has access to children under the age of eighteen (18), unless written authorization is received in advance by the United States Probation Office. |
| ( ) | (7) | not possess sexually stimulating or sexually oriented material as deemed inappropriate by the United States Probation Office, or patronize any place where such material and entertainment is available |
| ( ) | (v) | **COMPUTER AND INTERNET** |
| ( ) | (1) | disclose all email accounts, internet connections and internet connection devices, including screen names and passwords, to the United States Probation Office. The defendant shall immediately advise the United States Probation Office of any changes in their email accounts, internet connections, devices, or passwords. The United States Probation Office shall have the authority to monitor all computer activity, including all email or internet connections, as well as the authority to install remote computer monitoring software. If a computer or other internet accessible device is in a shared residence, the device must be password protected to assure the defendant has no access to the internet, or the device must otherwise be made inaccessible to the defendant. |
| ( ) | (2) | remove all internet accessible devices from the residence, and have no internet or computer access. The defendant consents to the United States Probation Office's use of electronic detection devices to evaluate the defendant's access to wireless fidelity (WiFi) connections. |
| ( ) | (3) | not subscribe to or use any internet services at any location without the approval of the United States Probation Office. Telephone bills, credit card bills, and service agreement shall be provided on request from the United States Probation Office. |
| ( ) | (4) | not possess or use a computer, data storage device, or any internet capable device without the approval of the United States Probation Office. |
| ( ) | (5) | not access any on-line service using an alias, or access any on-line service using the internet account, name, or designation of another person or entity. The defendant will report immediately to the United States Probation Office access to any internet site containing prohibited material. |
| ( ) | (6) | not alter or use any form of encryption, cryptography, stenography, compression, password-protected files or other method that limit access to, or change the appearance of, data and/or images. |
| ( ) | (7) | not alter or destroy any records of computer use. The use of computer software or functions designed to alter, clan, or "wipe" computer media., block computer monitoring software, or restore a computer to a previous state is prohibited. |
| ( ) | (8) | provide all personal and business telephone records to the United States Probation Office. |

| | | |
|---|---|---|
| ( ) | (9) | not use or possess any computer, data storage device, or any internet capable device, at any location, except at your place of employment, unless the defendant agrees to computer and internet monitoring. The United States Probation Office may use and/or install any hardware or software that is needed to monitor the defendant's use of a computer or internet capable device. The defendant shall permit the United States Probation Office to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device and/or internet capable device may be removed by the United States Probation Office for a more thorough examination. The defendant may be limited to possessing one personal internet capable device, to facilitate the United States Probation Office's ability to effectively monitor their internet related activities. |
| ( ) | (10) | not access any instant messaging, chat rooms, or chat programs through WiFi, or otherwise. Refrain from maintaining or accessing any social networking accounts or peer to peer file sharing sites or programs. |
| ( ) | (w) | **GAMBLING OR GAMING** |
| ( ) | (1) | not engage, directly or indirectly, in any form of gambling or game of chance. The defendant shall not loiter or enter any dwelling or enterprise wherein gambling or games of chance are taking place. |
| ( ) | (2) | at the discretion of the United States Probation Office, successfully participate in a program of mental health treatment, to include but not limited to a program for treatment of gambling addiction. |
| ( ) | (x) | **OTHER** |

### ADVISE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for Defendant's arrest, a revocation of release, an order of detention as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment or a fine. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. § 1503 makes it a criminal offense, punishable by up to five years of imprisonment and a $250,000 fine, to intimidate or attempt to intimidate a witness, juror or officer of the court. 18 U.S.C. § 1510 makes it a criminal offense, punishable by up to five years of imprisonment and a $250,000 fine, to obstruct a criminal investigation. 18 U.S.C. §1512 makes it a criminal offense, punishable by up to ten years of imprisonment and a $250,000 fine, to tamper with a witness, victim or informant. 18 U.S.C. § 1513 makes it a criminal offense, punishable by up to ten years of imprisonment and a $250,000 fine, to retaliate against a witness, victim or informant, or threaten or attempt to do so. It is a criminal offense under 18 U.S.C. § 3146, if after having been released, Defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If Defendant is released in connection with a charge of, or while awaiting sentencing, surrender for the service of a sentence, or appeal or *certiorari* after conviction, for:

    (1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, Defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

    (2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, Defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3)    any other felony, Defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, Defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

*Oral Consent*
_____
Benjamen Scott Burlew

### DIRECTIONS TO UNITED STATES MARSHAL

(X)  Defendant is **ORDERED** released after processing.
( )  The United States Marshal is **ORDERED** to keep Defendant in custody until notified by the clerk or a judicial officer that Defendant has posted bond and/or complied with all other conditions for release. Defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 8/20/2021

_____
Jodi F. Jayne, U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

United States of America,

                          Plaintiff,

vs.                                 Case No.: 21-mj-00593-JFJ

**APPEARANCE BOND**

Benjamen Scott Burlew,

                          Defendant(s).

Non-surety:    I, the undersigned Defendant acknowledge that I and my . . .

Surety:           We, the undersigned, jointly and severally acknowledge that we and our . . .

personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $5,000.00, and there has been deposited in the Registry of the court the sum of $-0- in cash.

The conditions of this bond are that Defendant is to appear before this court, and at such other places as Defendant may be required to appear, in accordance with any and all orders and directions relating to Defendant's appearance in this case, including appearance for violation of a condition of Defendant's release as may be ordered or notified by this Court or any other United States District Court to which Defendant may be held to answer or the cause transferred. Defendant shall abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If Defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, this bond is to be void, but if Defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and, if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment maybe entered upon motion in such United States District Court against each the undersigned jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

_Oral Consent_____      Surety's Signature: _____
Benjamen Scott Burlew                         Surety's Address: _____

                                                                _____

                                                     Surety's Phone #: _____

Date: 8/19/2021                                   _____
                                                         Jodi F. Jayne, U.S. Magistrate Judge